IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | |
| GLOBAL POWER EQUIPMENT GROUP INC., et al., | : | Bankr. Case No. 06-11045-BLS |
| | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | |
| MAASVLAKTE ENERGIE BV, | : | |
| | : | |
| Appellant, | : | |
| | : | |
| v. | : | Civil Action No. 08-158-JJF |
| | : | |
| GLOBAL POWER EQUIPMENT GROUP INC., GLOBAL POWER PROFESSIONAL SERVICES, L.L.C., BRADEN MANUFACTURING, L.L.C., BRADEN CONSTRUCTION SERVICES, INC., DELTAK, L.L.C., DELTAK CONSTRUCTION SERVICES, INC., WILLIAMS INDUSTRIAL SERVICES GROUP, L.L.C., WILLIAMS INDUSTRIAL SERVICES, L.L.C., WILLIAMS SPECIALTY SERVICES, LLC, WILLIAMS PLANT SERVICES, LLC and WSSERVICES, LP, | : | |
| | : | |
| Appellees. | : | |

Todd D. Ross, Esquire of WOMBLE CARLYLE SANDRIDGE & RICE, PLLC, Washington, D.C.
Steven K. Kortanek, Esquire of WOMBLE CARLYLE SANDRIDGE & RICE PLLC, Wilmington, Delaware.

Attorneys for Appellant.

John K. Cunningham, Esquire; Frank L. Eaton, Esquire and Kevin M. McGill, Esquire of WHITE & CASTLE LLP, Miami, Florida.
Jeffrey M. Schlerf, Esquire; Eric M. Sutty, Esquire and Mary E. Augustine, Esquire of BAYARD, P.A., Wilmington, Delaware.

Attorneys for Appellees.

**MEMORANDUM OPINION**

January 29, 2009
Wilmington, Delaware.

**Farnan, District Judge.**

Pending before the Court is an appeal filed by Appellant, Maasvlakte Energie BV, of the February 14, 2008 Order of the Bankruptcy Court overruling Appellant's limited objection to the First Amended Joint Chapter 11 Plan of Reorganization (the "Plan") for Global Power Equipment Group Inc., and its affiliated debtors (collectively, the "Debtors"). For the reasons discussed, the Court will affirm the Order of the Bankruptcy Court.

**I.  PARTIES' CONTENTIONS**

This appeal arises in part from an agreement between the Deltak Debtors and Appellant for completion of a 2004 Contract in which the Deltak Debtors agreed on a turnkey basis to sell certain accessories and other equipment to Appellant and to provide certain related technical services (the "Completion Agreement"). The Completion Agreement was negotiated pursuant to the Wind Down Order, which authorized the Debtors to wind down operations of their heat recovery steam generation business operated by the Deltak Debtors and to negotiate with each customer for the completion of certain executory contracts. By its appeal, Appellant contends that the Bankruptcy Court erred in interpreting the Completion Agreement. Specifically, Appellant contends that the Bankruptcy Court erred in applying Section 502(b) of the Bankruptcy Code to limit the amount of Appellant's bankruptcy claims. Instead, Appellant contends that the plain

meaning of the Completion Agreement is that the value of distributions on account of Appellant's claims is limited. Appellant further contends that the parties intentionally used Euro denominations for all of the central economic terms of the Completion Agreement, and it was error for the Bankruptcy Court to rewrite the Completion Agreement into United States dollars. Because Section 18.21 of the Plan violates Appellant's distribution rights under the Completion Agreement, an agreement authorized by the Bankruptcy Court, Appellant contends that the Bankruptcy Court's Order must be reversed and the Objection to the Plan sustained so that the Completion Agreement takes priority over Section 18.21 of the Plan.

Alternatively, Appellant contends that even if a Section 502(b) analysis applies despite the terms of Completion Agreement, the Bankruptcy Court erred in its interpretation of Section 502(b). Specifically, Appellant contends that the date Appellant's claims are allowed, i.e. the "judgment date," is the proper date for determining the exchange rate, and therefore, Section 18.21 of the Plan violates Appellant's rights.

In response, the Debtors contend that the Bankruptcy Court correctly found that the parties intended the Completion Agreement to dictate the capped amount of Appellant's damages and govern the ultimate distribution that Appellant would receive on account of its claims. The Debtors contend that the purpose of

the Completion Agreement was to reduce the amount of potential rejection damages claims that could have been asserted as the result of the rejection of the 2004 Contract, and that this purpose is evident in both the plain language of the Completion Agreement and the Wind Down Order authorizing the Debtors to enter into completion agreements.  According to the Debtors, the repeated use of the word "claim" rather than "distribution" in the Completion Agreement demonstrates that the parties intended to limit the claims against the Debtors' estate, and not solely the distributions therefrom.  With respect to the use of Euros in the Completion Agreement, the Debtors contend that this is consistent with the past business practices of the parties and not indicative of a right on behalf of Appellant to have its ultimate distributions in Euros.

In addition, the Debtors contend that the Bankruptcy Court correctly concluded that the mandatory currency provision of Section 502(b) applied to the Completion Agreement, and that under the Plan, distribution on account of Appellant's capped rejection damages claim, which was specified in Euros, was required to be converted to United States dollars using the exchange rate that prevailed on the date of the Debtors' bankruptcy filing.  The Debtors contend that the Completion Agreement evidences an intent to follow the Bankruptcy Code provisions and it does not disclaim the application of Section

3

502(b). Further, the Debtors contend that the express language of Section 502(b) requires the Bankruptcy Court to determine the amount of a claim in United States currency as of the petition's filing date, and therefore, Appellant's use of the "judgment date" is statutorily impermissible.

## II. STANDARD OF REVIEW

The Court has jurisdiction to hear an appeal from the Bankruptcy Court pursuant to 28 U.S.C. § 158(a). In undertaking a review of the issues on appeal, the Court applies a clearly erroneous standard to the Bankruptcy Court's findings of fact and a plenary standard to its legal conclusions. See Am. Flint Glass Workers Union v. Anchor Resolution Corp., 197 F.3d 76, 80 (3d Cir. 1999). With mixed questions of law and fact, the Court must accept the Bankruptcy Court's finding of "historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of the trial court's choice and interpretation of legal precepts and its application of those precepts to the historical facts.'" Mellon Bank, N.A. v. Metro Communications, Inc., 945 F.2d 635, 642 (3d Cir. 1991) (citing Universal Mineral, Inc. v. C.A. Hughes & Co., 669 F.2d 98, 101-02 (3d Cir. 1981)). The appellate responsibilities of the Court are further understood by the jurisdiction exercised by the Third Circuit, which focuses and reviews the Bankruptcy Court decision on a de novo basis in the first instance. In re Telegroup, 281 F.3d 133, 136 (3d Cir.

2002).

## III. DISCUSSION

Reviewing the decision of the Bankruptcy Court, the Court concludes that the Bankruptcy Court correctly interpreted the Completion Agreement to limit Appellant's claims, and not just the distributions on account of those claims. As the Bankruptcy Court discussed in its detailed Opinion accompanying the February 14, 2008 Order, this interpretation is supported by both the express language of the Completion Agreement, as well as by the language and intent of the Wind Down Order which authorized the Debtors to enter into the Completion Agreement in the first instance.

Additionally, the Court concludes that the Bankruptcy Court correctly concluded that Section 502(b) applies and that the plain language of Section 502(b) requires the Bankruptcy Court to determine the amount of the allowed claim in U.S. currency, using the exchange rate in effect on the Petition Date.[1] In reaching

---

[1] In pertinent part, Section 502(b) provides:

> Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, <u>shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition</u>, and shall allow such claim in such amount . . . .

(emphasis added).

5

this conclusion, the Bankruptcy Court properly distinguished the case law cited by Appellant as supporting both the use of the Euro, as well as the use of the judgement date for determining the amount of the allowed claim.

In sum, the Court agrees with and adopts the reasoning and analysis of the Bankruptcy Court as to both the application of Section 502(b) and the interpretation of the Completion Agreement. Accordingly, the Court will affirm the decision of the Bankruptcy Court.

### IV. CONCLUSION

For the reasons discussed, the Court will affirm the February 14, 2008 Order of the Bankruptcy Court.

An appropriate Order will be entered.